[PHILADELPHIA, JANUARY 12, 1835.]

## HELLINGS *against* The COMMONWEALTH.

### IN ERROR.

An indictment does not lie against a Collector of Taxes for embezzlement of moneys received by him for taxes; the act of 1799 having pointed out a specific remedy.

Error to the quarter sessions of Bucks County.

It was an indictment against *Hellings,* a collector of taxes, for embezzling moneys received by him.

The indictment contained four counts.

The first count charged, "That *John A. Hellings* late of the county aforesaid, yeoman, on the tenth day of June, in the year of our Lord one thousand eight hundred and thirty-three, and long before and since was a collector of the county taxes for the township of Bensalem, in the county of Bucks; and during the time when he was such collector as aforesaid, did receive and have to and for the use of the inhabitants of the said county of Bucks, the sum of one thousand dollars for the amount of the taxes in the said township of Bensalem during the years one thousand eight hundred and thirty-two, and one thousand eight hundred and thirty-three; and for which said last mentioned sum of one thousand dollars, he the said *John A. Hellings,* according to the duty of the said collector of the county taxes in the said township of Bensalem, ought well and faithfully to have accounted; nevertheless the said *John A. Hellings,* well knowing the premises last mentioned, but wickedly devising and intending to cheat and defraud the said inhabitants of the county of Bucks of the said sum of one thousand dollars, afterwards, to wit: on the first day of December in the year of our Lord one thousand eight hundred and thirty-three at the county aforesaid, and within the jurisdiction of this Court, unlawfully, wilfully, contemptuously, fraudulently and deceitfully, did neglect and refuse to account with

(Hellings *v.* the Commonwealth.)

the said inhabitants of the county of Bucks, or with the Commissioners or treasurer of the said county of Bucks, for the said last mentioned sum of one thousand dollars; by reason whereof, he the said *John A. Hellings* did then and there, to wit, on the day and year last above mentioned at the county aforesaid, and within the jurisdiction of this Court, unlawfully acquire and get to himself the said last mentioned sum of one thousand dollars of the proper money of the said inhabitants of the county of Bucks, with intent then and there to cheat and defraud the said inhabitants of the said county of Bucks of the same; and did then and there, by the means last aforesaid, unlawfully, wilfully, fraudulently and deceitfully cheat and defraud the said inhabitants of the said county of Bucks of the said last mentioned sum of one thousand dollars, to the great damage and impoverishment of the said inhabitants of the county of Bucks, to the manifest perversion of justice, in contempt of the laws of the commonwealth of Pennsylvania, to the evil example of all others in like case offending, and against the peace and dignity of the commonwealth of Pennsylvania."

The second count, after averring that the defendant was a collector of county taxes as in the first count, and had the collection, custody and charge of divers sums of money, of and belonging to the inhabitants of the county of Bucks, and had the charge and keeping of accounts of certain sums of money received by him as taxes for and on account of, and to the use of the said inhabitants, charged that he "unlawfully, fraudulently, deceitfully and injuriously did pretend and affirm that the said sum of one thousand dollars so by him collected as aforesaid, had been stolen and carried away by some person or persons unknown out of his dwelling-house during his absence from his said dwelling house. Whereas, in truth and in fact, the said sum of one thousand dollars, so by him collected as aforesaid, had never been stolen and carried away by any person, or persons unknown, out of his dwelling-house during his absence from his said dwelling, and so the jurors aforesaid, on their oaths and affirmations aforesaid, do say, that the said *John A. Hellings,* on the same day and year last mentioned at the county aforesaid, and within the jurisdiction of this court, unlawfully, unjustly, fraudulently and deceitfully, did deceive and defraud the inhabitants of the said county of Bucks of the said sum of one thousand dollars in manner and by the means aforesaid. To the great damage and impoverishment of the inhabitants of the county of Bucks, to the manifest perversion of justice, in contempt of the laws of the commonwealth of Pennsylvania, to the evil example of all others in like case offending, and against the peace and dignity of the commonwealth of Pennsylvania."

The third count was similar to the second, except that it charged the defendant with having received one hundred dollars with a similar false affirmation and pretence.

(Hellings *v.* the Commonwealth )

The fourth count, after averring the defendant's appointment as a Collector of State and County taxes, and that a certain *Anthony Taylor* had become his security to the Commissioners of Bucks for the amount of the State and County tax assessed in Bensalem township for the year 1832 and 1833; and that the defendant had collected and received divers sums of money amounting to the sum of two thousand dollars from the taxable inhabitants of said township, charged, that the defendant on the first day of December in the year of our Lord one thousand eight hundred and thirty-four, at the county aforesaid and within the jurisdiction of this court; not regarding his duty in that behalf, but unlawfully and unjustly contriving and intending to cheat and defraud the said *Anthony Taylor,* who was security as aforesaid for the payment of the said sum of money so by him the said *John A. Hellings* collected as aforesaid, then and there did falsely pretend that the said sum of money, so as aforesaid by him collected, had been stolen and carried away by some person or persons unknown, out of his dwelling-house during his absence from said dwelling-house. Whereas, in truth and in fact, the said sum of money so as aforesaid collected by him, the said *John A. Hellings,* had never been stolen and carried away by any person or persons unknown out of his dwelling house during his absence from said dwelling-house, with intention to cheat and defraud the said *Anthony Taylor* of the said sum of money, to the manifest perversion of justice, to the great damage of the said *Anthony Taylor,* to the evil example of all others in like case offending, and against the peace and dignity of the commonwealth of Pennsylvania."

To this indictment the defendant pleaded not guilty. The cause came on for trial at September sessions, 1834; a verdict of guilty was rendered by the jury, whereupon the following reasons were filed in arrest of judgment.

1st. The matter charged in the bill does not constitute an indictable offence at common law.

2d. It is not alleged in the indictment that the fraud was effected by means of any false tokens, having the semblance of public authority or touching the public interest; and neither is it averred, that it was effected by means of conspiracy or forgery.

3d. The only means by which the indictment alleges the fraud or cheat to have been effected is a simple false affirmation, which is not sufficient to constitute the deceitful practice or false token required by the common law.

4th. The defendant (even if the facts set forth be true) can be guilty of a mere breach of trust and not of any criminal offence whatever.

5th. In all cases of cheat or frauds at common law, it is necessary that the false tokens or illegal practice should create the credit.

(Hellings *v.* the Commonwealth.)

6th. There is no averment in the second count, that the inhabitants of the county of Bucks were defrauded in consequence, or by means of any false pretence or tokens.

7th. The third and fourth counts merely aver that the false pretence was used with *intent* to defraud, &c. They contain no averment that he *did* defraud, &c.

8th. There is no averment, that the defendant obtained possession of the money in consequence of the false pretences, or that he at any time appropriated it to his own use.

The court overruled the reasons in arrest of judgment, and sentenced the defendant to pay a fine of two thousand dollars to the Commonwealth, and to eighteen months imprisonment.

The defendant thereupon brought this writ of error and assigned for error : -

That the court erred in overruling the reasons in arrest of judgment.

*Ross,* for the plaintiff in error, soon after he had commenced his argument was stopped by the court.

*Rush,* for the Commonwealth, being called on to support the judgment, contended:—

1. That the offence laid in the indictment was a cheat and fraud, affecting the public and as such indictable. Cheats by statutes, *Hen.* 8, *Eliz.* and *Geo.* 3, are frauds effected by false tokens. Cheats at the common law consist in the fraudulent obtaining the property of another, by any deceitful and illegal practice or token (short of felony) which affects the public. *East, Cr. L.* 818. Frauds affecting the course of justice and immediately injuring the interests of the public, are indictable at common law. 3 *Chitty, Cr. L.* 995. Although they arise from the particular transactions of individuals. 2 *Russel on Crimes,* 1362. 2 *Serg. & Rawle,* 552, per Tilghman, C. J. 2 *East, C. L.* 816. *Rex* v. *Wheatly,* 2 *Burr.* 1125.

2. Public officers may be indicted for frauds committed in their official capacities. 1 *Russel on Crimes,* 219.

*Hellings* was a public officer. His offence was an injury to the public, whether false tokens were used or not. *Resp.* v. *Powel,* 1 *Dall.* 47. Public officers convicted for embezzling public funds. *Commonwealth* v. *Wade,* 1 *Dall.* 335, in notes, (*Wharton's ed.*) The embezzlement of public money, has likewise in this state been deemed a public wrong, for which the private sufferer was not alone entitled to redress. *Resp.* v. *Teischer,* 1 *Dall.* 335. An indictment averring " with intent to defraud the liege subjects," is sufficient. *Resp.* v. *Sweers,* 1 *Dall.* 44. The fraudulently neglecting and refusing to account is indictable. *King* v. *Cummings,* 5 *Mod.* 179. This case is an answer to the objection that the act of Assembly provides a penalty for neglecting and refusing to pay the moneys received. The same objection was made in *King* v. *Cummings,* but overruled.

(Hellings *v.* the Commonwealth.)

3. He contended that the offence if neither technically a cheat, fraud, nor deceit, was a misdemeanor at common law, and as such indictable. It is clearly a public wrong, and whatever amounts to a public wrong may be made the subject of an indictment. 1 *Dall.* 238. 7 *Smith's Laws,* 713.

The court declined hearing *Kittera* in reply.

PER CURIAM.—

The offence here is laid as embezzlement at the common law. Sir WILLIAM BLACKSTONE, speaking of misprisions in public trusts and employments, remarks in the fourth volume of his Commentaries p. 121: " Hitherto also may be referred the offence of embezzling the public money, called by the Romans *peculatus,* which the *Julian* law punished with death in a magistrate, and with deportation or banishment in a private person. With us it is not a capital crime, but subjects the committer of it to discretionary fine and imprisonment." He refers to no authority for the last position; but we find in *Moulsworth's case, Comb.* 187, where an overseer had charged the parish three pounds for putting out an apprentice who was in fact not put out, the expression of an opinion that there might be remedy by indictment; and in Mr. *Chitty's Criminal Law,* vol. 3, p. 701, we have two precedents of an indictment for embezzlement at Common Law.* Yet it is not a little remarkable that no trace of such an offence is found in *Hale* or *Hawkins,* or the more recent English text books. The reason of it may be that the common law prohibition has been superseded in practice by the specific provisions of various statutes to punish the pilfering and stealing, not only of servants and clerks, but officers of the post office and bank. The civil remedy must in a vast majority of instances be inadequate to the mischief; but the question here is whether it is not to be resorted to exclusively, by reason of our statutory provision to restrain the courts to specific remedies provided by the legislature. By the eighteenth and nineteenth sections of the act of 1799, the persons and estates of delinquent collectors, are liable to seizure and execution on summary process from the treasurer and commissioners; and the specific remedy thus provided has consequently supplanted the remedy at the Common Law.

Judgment reversed.

* See *Rex* v. *Martin,* 2 *Campb.* 268.